1　HELANE L. MORRISON
　　JOHN S. YUN (yunj@sec.gov)
2　SHEILA E. O'CALLAGHAN (ocallaghans@sec.gov)

3
　　Attorneys for Plaintiff
4　SECURITIES AND EXCHANGE
　　COMMISSION
5　44 Montgomery Street, Suite 2600
　　San Francisco, California  94104
6　Telephone:  (415) 705-2500
　　Telecopy:  (415) 705-2501
7

**FILED**

JAN – 3 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8　　　　　　　UNITED STATES DISTRICT COURT

9　　　　　　NORTHERN DISTRICT OF CALIFORNIA

10　　　　　　　SAN FRANCISCO DIVISION

11

12　SECURITIES AND EXCHANGE COMMISSION,

13　　　　　　　Plaintiff,

14　　　　v.

15　TERENCE M. COXON and WORLD
　　MONEY MANAGERS,

16

17　　　　　　　Defendants.

| | |
|---|---|
| Miscellaneous Action No. CV 04-0145-MISC. MHP | |

STIPULATION TO SCHEDULE HEARING TO
SHOW CAUSE; [~~PROPOSED~~] ORDER

COURT
SCHEDULED
DATE:
TIME:
JUDGE:　　Marilyn H. Patel
COURTROOM:　15

18

19　　　　It is hereby stipulated between the parties, by their undersigned counsel:

20　　　　1.　　On May 31, 2005, this Court issued its findings of Fact and

21　Conclusions of Law (the "Contempt Order").　In its Contempt Order, the Court directed

22　defendant Terence M. Coxon ("Coxon") to pay $200,000 into the court registry, within

23　twenty-one days.  Contempt Order, ¶31(a).  Coxon attempted to deposit $80,000 into the

24　court registry, but was rejected because the amount proffered did not match the amount

25　ordered.  The money is now in his counsel's client trust account and can be deposited into the

26　court's registry upon an appropriate order from the Court.  Coxon has advised the

27　Commission, however, that the remaining balance of $120,000 will not be paid to the registry

28　by November 30, as there are no funds with which to satisfy the full amount of the Order.

CV 04-0145-MISC MHP

2.     The Court further ordered Coxon to pay to the registry within 180 days, an amount equal to 78.125% of the difference between the current market value of the Fountain Grove house and the initial balance of the first deed of trust on the house, plus the sum of any principal payments that Coxon had made on the first deed of trust.  Contempt Order, ¶31(b).  In subsequent Orders issued on June 27 and 30, the Court directed the title company handling the sale of the Fountain Grove house not to disburse any of the proceeds from its sale except to pay off a first mortgage and certain other expenses associated with the sale.  The balance remaining, approximately $300,000, is now in an escrow account.

3.     The parties have agreed to stipulate to an Order to Show Cause Hearing whereby Coxon may offer evidence, and be cross-examined, as to his current financial inability to make any further payments pursuant to the Contempt Order and the parties may also request an order as to how the house sale proceeds should be disbursed.

4.     The undersigned counsel respectfully requests therefore that the Court schedule the hearing on the Order to Show Cause. The parties anticipate that the hearing would last two hours (or less).  The undersigned counsel would be available on January 24 or 25, 2006, or such other date convenient to the Court and the parties' counsel.

DATED: 11/29/05

U. S. SECURITIES AND EXCHANGE
COMMISSION


Sheila E. O'Callaghan

Attorney for the United States Securities &
Exchange Commission


DATED: 11-29-2005

JOHN W. COTTON
COTTON & GUNDZIK LLP


John W. Cotton    / by J Ynn
                  with authorization

Attorneys for Terence M. Coxon
and World Money Managers

1

2    IT IS SO ORDERED that the hearing on the Order to Show Cause shall be set for

3    January 23, 2006 at 3:00 p.m.

4    DATED: 1/3 2006

     The Honorable Marilyn H. Patel

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation to Order to Show Cause Hearing
CV 04-0145-MISC. MHP

- 3 -