JINA L. CHOI (NY Bar No. 2699718)
JOHN S. YUN (CA Bar No. 112260)
  yunj@sec.gov
SHEILA E. O'CALLAGHAN (CA Bar No. 131032)
  ocallaghans@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Telecopy: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TERENCE M. COXON and WORLD MONEY MANAGERS,<br><br>Defendants. | Miscellaneous Action No.<br>CV 04-0145-MISC. MHP<br><br>PLAINTIFF'S AND DEFENDANTS' STIPULATION AND ~~PROPOSED~~ ORDER REGARDING DISBURSEMENT OF FUNDS AND APPOINTMENT OF TAX ADMINISTRATOR<br><br>Date: N/A<br>Time: N/A<br>Judge: General Duty Judge<br>Courtroom: TBD |

## STIPULATION FOR ORDER

Plaintiff Securities and Exchange Commission ("Commission") and defendants Terrence M. Coxon ("Coxon") and World Money Managers ("World Money"), by and through their attorneys, hereby enter into the following Stipulation Regarding the Disbursement of Funds and the Appointment of a Tax Administrator (the "Stipulation").

On August 25, 2003, the Commission ordered Coxon and World Money to disgorge the principal amount of $971,777.54, plus $564,964.43 in prejudgment interest, for a total disgorgement of $1,536,741.97 (the "Disgorgement Order"). On November 15, 2004, this

Court ordered Coxon and World Money to satisfy the Disgorgement Order within thirty days (the "Payment Order").

Following Coxon's and World Money's failure to comply with the Payment Order, the Court entered Findings of Facts and Conclusions of Law on May 31, 2005 directing Coxon to pay $200,000 into the court registry within twenty one days and to pay 78.125% of the equity value of his Santa Rosa house into the court registry within one hundred eighty days. Docket No. 37, ¶¶ 31(a), (b). On July 14, 2005, following the sale by Coxon and his wife, Elizabeth, of their Santa Rosa home, an escrow company deposited $387,213.74 into the court's registry as being the Coxons' proceeds from the sale. On April 3, 2006, Coxon deposited an additional $200,000 into the court's registry.

Subsequently, on April 26, 2006, the Court approved the parties' stipulation that $72,013 should be transferred from the court's registry to Elizabeth Coxon, as her separate property share of the proceeds from the Santa Rosa house sale. Docket No. 65. Later, on December 15, 2006, the Court entered a written order approving the distribution of $515,123 from the court's registry to the Permanent Portfolio Fund in partial satisfaction of the Disgorgement Order. Docket No. 72. In light of other payments to the Fund, the undersigned agree that Coxon and World Money have satisfied the Disgorgement Order, and are no longer in breach of the Payment Order.

At the current time, the court's registry for this case is holding nearly $32,000.00, which represents the accrued interest on the amounts that were previously deposited by Coxon and his wife. Because Coxon and World Money have satisfied their disgorgement obligations, the Commission does not claim any interest in the amount remaining in the court's registry. The parties to this Stipulation agree that $1,990.00 of the amount remaining in the court's registry should be disbursed to Coxon's wife, Elizabeth, as her share of the accrued interest in the court's registry. The parties to this Stipulation also agree that after the payment to Coxon's wife, the remaining balance in the court's registry should go to the Fund to reduce an obligation by Coxon and World Money to reimburse the Fund for its advances of defendants' attorney's fees and costs.

Stip. For Disburse and Taxes
CV 04-0145-MISC. MHP

- 2 -

The remaining funds in the court's registry are subject, however, to federal income tax reporting and liability because those funds constitute a qualified investor fund under federal tax regulations. Such a qualified investor fund requires the preparation and filing of tax forms with the Internal Revenue Service pursuant to Section 468B(g) of the Internal Revenue Code. The Commission has retained the accounting firm of Damasco & Associates, LLP to serve as the tax administrator in any case where investor recovery funds have been obtained by the Commission and placed into a segregated account. Damasco & Associates, LLP will charge up to $1800.00 per tax year to file the necessary forms and make the necessary payments under the Internal Revenue Code. Damasco & Associates might also bill for time involving negotiations with the Internal Revenue Service to reduce or abate any interest or penalty charges.

Based upon the foregoing, the Commission, Coxon and World Money hereby enter into a Stipulation for the entry of an Order providing that:

1. The Clerk of the Court shall issue a check in the amount of $1,990.00 made payable to Elizabeth Coxon as her share of the accrued interest in the court's registry. The check shall be mailed to John W. Cotton, Esq., at his current law firm address.

2. The Court authorizes Damasco & Associates to prepare and file all necessary tax returns and to arrange all necessary payment of income taxes (and if necessary interest and penalties) from the funds in the court's registry for this proceeding. Subject to the Court's review, Damasco & Associates may submit a claim for payment from the court's registry for payment of its professional fees and costs.

3. The Court authorizes the Clerk of the Court's payment to the Fund of the remaining balance in the court's registry after (i) the payment of $1,990.00 to Elizabeth Coxon, (ii) the payment of all income taxes and penalties and (iii) the payment of Damasco & Associates' tax preparation fees.

DATED: October __, 2015          U. S. SECURITIES AND EXCHANGE
                                 COMMISSION

                                 _____
                                        John S. Yun

                                 Attorney for the United States Securities &
                                 Exchange Commission

DATED:                           JOHN W. COTTON
                                 COTTON & GUNDZIK LLP

                                 _____
                                        John W. Cotton

                                 Attorneys for Terence M. Coxon
                                 and World Money Managers

### ORDER REGARDING DISBURSEMENT OF FUNDS AND TAX ADMINISTRATOR

Good cause appearing, the Court accepts the parties' Stipulation Regarding the Disbursement of Funds and the Appointment of Tax Administrator. It is therefore ordered:

1. The Clerk of the Court shall issue a check in the amount of $1,990.00 made payable to Elizabeth Coxon as her share of the accrued interest in the court's registry. The check shall be mailed to John W. Cotton, Esq. at his current law firm address.

2. Damasco & Associates is hereby authorized to prepare and file all necessary tax returns and to arrange all necessary payment of income taxes (and if necessary interest and penalties) from the funds in the court's registry for this proceeding. Subject to the Court's review, Damasco & Associates may submit a claim for payment from the court's registry for payment of its professional fees and costs.

3. The Clerk of the Court shall pay to the Fund the balance remaining in the court's registry after (i) the payment of $1,990.00 to Elizabeth Coxon, (ii) the payment of all income taxes and penalties and (iii) the payment of Damasco & Associates' fees.

SO ORDERED.

DATED: November __, 2015

                                 _____
                                 Judge, United States District Court

| | |
|---|---|
| DATED: November 10, 2015 | U. S. SECURITIES AND EXCHANGE COMMISSION<br><br>_____<br>John S. Yun<br><br>Attorney for the United States Securities & Exchange Commission |
| DATED: November 6, 2015 | JOHN W. COTTON<br>COTTON & GUNDZIK LLP<br><br>_____<br>John W. Cotton<br><br>Attorneys for Terence M. Coxon and World Money Managers |

## ORDER REGARDING DISBURSEMENT OF FUNDS AND TAX ADMINISTRATOR

Good cause appearing, the Court accepts the parties' Stipulation Regarding the Disbursement of Funds and the Appointment of Tax Administrator. It is therefore ordered:

1. The Clerk of the Court shall issue a check in the amount of $1,990.00 made payable to Elizabeth Coxon as her share of the accrued interest in the court's registry. The check shall be mailed to John W. Cotton, Esq. at his current law firm address.

2. Damasco & Associates is hereby authorized to prepare and file all necessary tax returns and to arrange all necessary payment of income taxes (and if necessary interest and penalties) from the funds in the court's registry for this proceeding. Subject to the Court's review, Damasco & Associates may submit a claim for payment from the court's registry for payment of its professional fees and costs.

3. The Clerk of the Court shall pay to the Fund the balance remaining in the court's registry after (i) the payment of $1,990.00 to Elizabeth Coxon, (ii) the payment of all income taxes and penalties and (iii) the payment of Damasco & Associates' fees.

SO ORDERED.

DATED: November 30, 2015

_____
Judge, United States District Court

Stip. For Disburse and Taxes
CV 04-0145-MISC. MHP

- 4 -